CH. 11

Case No. 21-47210

In re:                                          Hon. Maria L. Oxholm

Saline Lodging Group, LLC,

      Debtor.

_____/

**LIQUIDATING COMBINED PLAN AND DISCLOSURE STATEMENT
OF CREDITOR YOUR ENTERPRISE SOLUTIONS, LLC**

## I.     Introduction

Creditor, Your Enterprise Solutions, LLC ("YES"), hereby proposes its Liquidating Combined Plan and Disclosure Statement pursuant to Chapter 11 of the United States Code.

YES notes that no party has requested that it include any specific information in the disclosure, and as such, said disclosure is made pursuant to the guidelines of this Court, the Bankruptcy Rules, the United States Code, and the Local Rules for the Eastern District of Michigan. *YES has included the disclosures made by the Debtor, Saline Lodging Group, LLC in its Liquidating Combined Plan and Disclosure Statement filed April 21,2022 (Doc. 151).*

## II.     Definitions

Scope of Definitions. For purposes of this Plan, except as expressly otherwise provided or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings assigned to them in this Section of the Plan. In all references herein to any parties, persons, entities, or corporations, the use of any

1

particular gender or the plural or singular number is intended to include the appropriate gender or number as the text may require.

a. "Administrative Expense" shall mean any cost or expense of administration of the Chapter 11 case allowable under Section 507(a) of the Bankruptcy Code, including, without limitation, any actual and necessary expenses of preserving the estate of the Debtor, any actual and necessary expense of operating the business of the Debtor, any indebtedness or obligation incurred or assumed by the Debtor in connection with the conduct of its business or for the acquisition or lease of property or the rendition of services to the Debtor, all allowances of compensation and reimbursement of expenses, any fees or charges assessed against the estate of any Debtor under Chapter 11, Title 28, of the United States Code, and the reasonable fees and expenses incurred by the Proponent in connection with the proposal and confirmation of this Plan.

b. "Allowed" when used as an adjective preceding the words "Claims" or "Equity Interest", shall mean any Claim against or Equity Interests of the Debtor, proof of which was filed on or before the date designated by the Bankruptcy Court as the last date for filing proofs of claim or Equity Interest against such Debtor, or, if no proof of claim or Equity Interest is filed, which has been or hereafter is listed by the Debtor as liquidated in amount and not disputed or contingent and, in either case, a Claim as to which no objection to the allowance thereof has been interposed with the applicable period of limitations fixed by the Plan, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Local Rules, or as to which any objection has been interposed and such Claim has been allowed in whole or in part by a Final Order. Unless otherwise specified

2

in the Plan, "Allowed Claim" and "Allowed Equity Interest" shall not, for purposes of computation of distributions under the Plan, include interest on the amount of such Claim or Equity Interest from and after the Petition Date.

c.      "Allowed Administrative Expense" shall mean any Administrative Expense allowed under Section 507(a)(l) of the Bankruptcy Code.

d.      "Allowed Unsecured Claim" shall mean an Unsecured Claim that is or has become an Allowed Claim.

e.      "Bankruptcy Code" shall mean the Bankruptcy Reform Act of 1978, as amended, and as codified in Title 11 of the United States Code.

f.      "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Eastern District of Michigan having jurisdiction over the Chapter 11 Case and, to the extent of any reference made pursuant to 28 U.S.C. Sec. 158, the unit of such District Court constituted pursuant to 28 U.S.C. Sec. 151.

g.      "Bankruptcy Rules" shall mean the rules and forms of practice and procedure in bankruptcy, promulgated under 28 U.S.C. Sec. 2075 and also referred to as the Federal Rules of Bankruptcy Procedure.

h.      "Business Day" means and refers to any day except Saturday, Sunday, and any other day on which commercial banks in Michigan are authorized by law to close.

i.      "Chapter 11 Case" shall mean a case under Chapter 11 of the Bankruptcy Code in which Saline Lodging Group, LLC is the Debtor.

j.      "Claim" shall mean any right to payment from the Debtor whether or not such right is reduced to judgment, liquidated, liquidated, fixed,

3

contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. All claims as such term is defined in section 101(5) of the Bankruptcy Code.

k.  "Class" shall mean a grouping of substantially similar Claims or Equity Interests for common treatment thereof pursuant to the terms of this Plan.

l.  "Code" shall mean Title 11 of the United States Code, otherwise known as the Bankruptcy Code.

m.  "Confirmation" shall mean the entry of an Order by this Court approving the Plan in accordance with the provisions of the Bankruptcy Code.

n.  "Creditor" shall mean any person that has a Claim against the Debtor that arose on or before the Petition Date or a Claim against the Debtor's estate of any kind specified in section 502(g), 502(h) or 502(I) of the Bankruptcy Code. This includes all persons, corporations, partnerships, or business entities holding claims against the Debtor.

o.  "Debt" means, refers to and shall have the same meaning ascribed to it in Section 101(12) of the Code.

p.  "Debtor" shall mean Saline Lodging Group, LLC.

q.  "Disclosure Statement" means and refers to the Disclosure Statement filed by the Plan proponent as required pursuant to Section 1125 et seq. of the Bankruptcy Code.

4

r.  "Effective Date" shall mean 30 days from the day the Confirmation Order becomes a Final Order.

s.  "Estate" shall mean the estate created under 11 U.S.C. § 541 by reason of commencement of this case.

t.  "Final Order" shall mean an order of the Bankruptcy Court or a court of competent jurisdiction to hear appeals from the Bankruptcy Court which, not having been reversed, modified, or amended, and not being stayed, and the time to appeal from which or to seek review or rehearing of which having expired, has become final and is in full force and effect.

u.  "Impaired" when used as an adjective concerning the words "Class of Claims" or "Class of Membership Interests" shall mean that the Plan alters the legal, equitable, or contractual rights of the member of that class.

v.  "Person" shall mean an individual, a corporation, a partnership, an association, a joint membership interest company, a joint venture, an estate, a trust, an unincorporated organization, or a government or any political subdivision thereof or other entity.

w.  "Petition Date" shall mean the date on which the Debtor filed the petition for relief commencing this Chapter 11 Case.

x.  "Plan" shall mean this Plan of Reorganization filed by YES in these Proceedings, together with any additional modifications and amendments.

y.  "Priority Non-Tax Claim" shall mean a Claim entitled to priority under sections 507(a)(2),(3), (4), (5), (6) or (7) of the Bankruptcy Code, but

only to the extent it is entitled to priority in payment under any such subsection.

z.   "Priority Tax Creditor" shall mean a Creditor holding a priority tax claim.

aa.  "Priority Tax Claim" shall mean any Claim entitled to priority in payment under section 507(a)(8) of the Bankruptcy Code, but only to the extent it is entitled to priority under such subsection.

bb.  "Proceedings" shall mean the Chapter 11 Case of the Debtor.

cc.  "Professional Persons" means and refers to all attorneys, accountants, appraisers, consultants, and other professionals retained or to be compensated pursuant to an Order of the Court entered under Sections 327, 328, 330, or 503(b) of the Bankruptcy Code.

dd.  "Professional Claim" means and refers to a claim by any and all professionals as provided for in Sections 327, 328, 330 and 503(b) of the Bankruptcy Code.

ee.  "Secured Claim" means and refers to a Claim which is secured by a valid lien, security interest, or other interest in property in which the Debtor has an interest which has been perfected properly as required by applicable law, but only to the extent of the value of the Debtor's interest in such property, determined in accordance with Section 506(a) of the Bankruptcy Code.

ff.   "Unsecured Claim" shall mean any Claim against the Debtor which arose or which is deemed by the Bankruptcy Code to have arisen prior to the Petition Date for such Debtor, and which is not (I) a secured claim pursuant to Section 506 of the Bankruptcy Code, as modified by section

6

1111(b) of the Bankruptcy Code, or (ii) a Claim entitled to priority under sections 503 or 507 of the Bankruptcy Code. "Unsecured Claim" shall include all Claims against the Debtor that are not expressly otherwise dealt with in the Plan.

gg.   Other Definitions, a term used and not defined herein but that is defined in the Bankruptcy Code shall have the meaning set forth therein. The words "herein", "hereof", "hereto, "hereunder", and others of similar import refer to the Plan as a whole and not to any particular section, subsection, or clause contained in the Plan. Moreover some terms defined herein are defined in the section in which they are used.

## III.   The Plan

This Plan provides for transfer of the Debtor's assets, including but not limited to, the real property and hotel project at 1250 E. Michigan Ave., Saline, Michigan ("the Property") to YES in satisfaction of YES's secured claim. In exchange, YES and/or its assignees shall make a $25,000.00 payment to the Debtor for application to administrative claims under Class 1 below and shall pay or escrow funds for payment of superior lien claims in Classes 2 and 3, all as provided hereinafter.

Payments will be made in accordance with their class, as set forth herein, and then, within the class, paid in accordance with the applicable priority, as determined by this Plan.

No payment or distribution will be made on any disputed claims until the dispute is settled or adjudicated by a court of competent jurisdiction; and that monies payable under the Plan on any such claims will be placed in escrow until settlement occurs or adjudication is complete.

**Class 1 – Administrative Claims**.

   a.  The claims of this Class 1 shall consist of all Allowed claims for Administrative Expenses, including any fees and taxes that qualify as Administrative Expenses. Holders of Claims for Administrative Expenses may include, without limitation, quarterly fees due to the U.S. Trustee, Allowed Professional Claim of Don Darnell, and The claim of Deborah Fish for services as the Subchapter V Trustee.

   b.  Claims included in this Class shall retain their priority notwithstanding the confirmation of this Plan. The Debtor shall remain responsible for every Claim in this Class.

   c.  On or Before the Effective Date, YES shall tender to the Debtor the sum of $25,000.00 which shall be distributed to holders of Allowed Administrative Claims as provided herein.

   d.  Each claimant in this Class shall be paid the pro-rata amount of its Claim (or such other amount as is allowed by order of this Court) on such date as may be mutually agreed upon between Debtor and the particular

8

claimant, or, if no such date is agreed upon, the latest of (i) the Effective Date, or (ii) the date upon which the Bankruptcy Court enters its Final Order, if necessary, allowing and approving the Debtor' payment of such Administrative Claim.

e.  The Bar Date for asserting any Administrative Claim, including any Administrative Claim for Professional Fees against the Reorganized Debtor shall be thirty (30) days after the Effective Date. Except as otherwise provided by order of the Bankruptcy Court, any Administrative Claim first asserted after this Bar Date will not be Allowed and shall not be entitled to payment as an Administrative Claim.

Class 1 claims are impaired and are entitled to vote.

**Class 2 – Property Tax Claims**

Class 2 consists of Claims for property taxes payable to the City of Saline and Washtenaw County, fully secured in the amount of approximately $129,901. These claims are fully secured by statutory first lien on the Property.  These shall be paid in full on or before the Effective Date by YES or its assignee. The City of Saline and Washtenaw County shall retain their liens and interest in Debtor's Property at 1250 E. Michigan Ave., Saline Michigan until such time as Class 2 claims are paid in full.

Class 2 claims are NOT impaired and are NOT entitled to vote.

**Class 3 – Construction Lien Claims**

Class 3 consists of claims of holders of construction liens which statutorily attached to the Property at 1250 E. Michigan Ave., Saline, Michigan in the aggregate amount of $579,089.70. Holders of these Claims have liens which are *pari passu*, and junior only to the liens for taxes in Class 2 above.

a. The claim of Chelsea Lumber Company in the sum of $75,789.00 shall be paid in full by YES or its assignee on or before the Effective Date.

b. The lien claims of Hoffman Plastering, LLC, in the sum of $115,040.00 and Quality Roofing, Inc., in the sum of $53,136.70 were acquired pre-petition by YES and may be paid in full as and when YES may deem appropriate.

c. The lien claim of Tri-County Electric Company of Washtenaw County ("Tri-County"), is asserted in the sum of $335,124.00. That claim is disputed and an objection to that claim is pending. There is also pending Adversary Proceeding, Case No. 22-04037, by YES against Tri-County challenging the claim. The Allowed Claim shall be paid in full on the later of (i) the Effective Date, (ii) ten (10) days after the entry of a Final Order determining the Allowed Claim of Tri-County, or (iii) such date as YES and Tri-County provide in an agreement between them as to the amount of such claim. On or before the Effective Date, YES or its assignee shall deposit with Finkel Whitefield Feldman the sum of $335,124.00 which shall be held in trust. Such funds

shall be paid to Tri-County in such amount and at such time as provided hereinabove. Any excess not due to Tri-County hereunder shall be returned to the payer.

d.  Lien claimants shall retain their liens against the Property at 1250 E. Michigan Ave., Saline Michigan, until the first to occur of (i) paid in full or (ii) the deposit under subparagraph (c) above is made, as may be applicable.

Class 3 claims are impaired and are entitled to vote.

**Class 4:       Mortgage Claim of  Your Enterprise Solutions, LLC**

a.  Class 4 consists of a third priority secured claim of YES in the sum of $4,311,382.14.  The claim is subordinate to the claims of property taxes in Class 2 and construction lien claims in Class 3. YES holds the lien against the Property as a result of acquiring pre-petition the promissory note made by the Debtor in favor of First State Bank, which is secured by a mortgage on the Debtor's real property and a security interest in all personal property of the Debtor. Superior claims in classes 2 and 3 total approximately $739,170.70.  The Debtor has valued its assets at approximately $2,720,000.00 based on an October 2020 appraisal. Based on that valuation, YES holds a secured claim of $2,011,009 and an unsecured claim of approximately $2,300,000.00.

b.  On or before the Effective Date, at such time as YES tenders or has

tendered (i) payment to the Debtor of the $25,000.00 provided for treatment of Class 1 and (ii) payments as required under Classes 2 and 3 above, the Debtor shall deliver to YES or its assignee a deed in lieu of foreclosure to the Property and such other bills of sale and /or assignment documents as YES may reasonably request to convey all such property of the Debtor as YES may request.

c. YES has disputed the claim of Tri-County asserting that Tri-County's claim should be disallowed to the extent of (i) additional labor costs avoided, (ii) the cost of a generator not delivered to the Property, and (iii) the cost of electrical fixtures not delivered to the Property prior to the filing of the Petition herein. Tri-County delivered certain electrical fixtures to the Property in April 2022 (the "April Fixtures"). The April Fixtures are deemed to be the property of Tri-County. If and to the extent that the objection of YES as to the electrical fixtures is overruled and Tri-County's Claim is allowed with respect thereto, then such electrical fixtures, including , but not limited to, the April Fixtures, shall thereupon become the property of YES hereunder.

d. Such transfers of title to YES shall be in full satisfaction of YES' secured claim, but YES shall retain its unsecured claim herein.

Class 4 Claimant YES' secured claim is impaired and it is entitled to vote.

**Class 5:    Mortgage Claim of William Long**

Class 5 consists of a fourth priority secured claim, subordinate to the claims of property taxes in Class 2, construction lien claims in Class 3, and YES in Class 4. William Long holds a mortgage against the Property to secure an obligation in the original amount of $460,000.  Superior claims total approximately $5,020,000. There will be NO PAYMENT on account of the Class 5 claim. The lien of the Class 5 creditor on the Property shall be discharged on or before the date upon which YES makes the payments required above for the treatment of the Claims of Classes 1, 2 and 3.

The claim of Class 5 Claimant William Long is impaired and he is entitled to vote.

**Class 6:    General Unsecured Claims**

Class 6 consists of the claims of all unsecured creditors, including under-secured creditors, if and when allowed.  The information disclosed by the debtor lists these as totaling $877,863, in addition to YES' unsecured claim estimated to be $2,300,000, for a grand total of approximately $3,177,863.

The holders of allowed Class 6 claims will receive NO PAYMENT on account of their claims.

Class 6 Claimants are impaired and are entitled to vote.

**Class 7:    Members of Saline Lodging Group**.

The membership (equity) interests of the Debtor shall be cancelled and the members shall receive NO PAYMENT on account of their interests.

This class is impaired and the members of the Debtor are entitled to vote.

## IV.    The Debtor

***THE FOLLOWING DISCLOSURES ARE PRIMARILY TAKEN FROM THE DEBTOR'S LIQUIDATING COMBINED PLAN AND DISCLOSURE STATEMENT ***

### a.    Description of the Debtor

The Debtor is a Michigan corporation formed on February 4, 2017. The Debtor is the corporate structure for a company in Saline, Michigan that began with the concept of a hotel and restaurant at 1250 E. Michigan Ave., Saline, Michigan. The Debtor filed a Chapter 11 petition on September 6, 2021. The hotel and restaurant is designed as a three story, 63 room hotel, with 40 double queen suites, 10 king room suites, and three long-term suites. Food and beverage operations were planned to include a 36 seat restaurant, 18 seat bar, 24 seat covered patio, as well as a banquet and meeting space of 1500 square feet, including a 400 Square foot board room. It is currently a weather tight shell, with rough electrical and plumbing, but lacking any interior finishing or fixtures.  The Debtor filed the Chapter 11 with the intent and purpose to secure lending and/or investment to continue and complete the construction of the hotel and start operations and maintain a reorganized corporate

structure of Saline Lodging Group, LLC. Debtor has been unable to secure post-petition lending or investment required to complete the hotel and reorganize the Debtor.

### b. Principals of the Debtor

Saline Lodging Group is owned by its 21 members, who are a combination of closely-held businesses, individuals, family trusts, and husband/wife teams. The Debtor has been guided by a self-appointed "Advisory Board" made up of some of the equity holders. Beth Ann Rentschler, one of the "members" of the "Advisory Board" has been appointed manager for the purpose of reorganization and starting operations. Ms Rentschler is also the President of Tri-County.

### c. Post-Petition Events of Significance

To the best of YES' knowledge, the Debtor has to date made no post-petition transfers outside the ordinary course of business.

The Debtor filed this case as a Subchapter V debtor under Chapter 11 of the Code, and on December 6, 2021, filed a chapter 11 plan of reorganization based on the unique provisions applicable to that subchapter. YES filed an objection to Debtor's qualification as a debtor under Subchapter V, and the Court ordered that the Debtor does not qualify as a Subchapter V debtor. The Debtor then filed a motion to withdraw the Debtor's Chapter 11, Subchapter V plan of reorganization

15

and for leave to file chapter 11 plan of reorganization and disclosure. The court granted that motion and allowed the Debtor until February 17, 2022 to file a second plan of reorganization.

In December 2021, the United States Trustee filed a motion to convert the case to a Chapter 7 liquidation or alternatively appoint a Chapter 11 trustee. The Debtor cured the issues set forth in the U.S. Trustee's motion, and the U.S. Trustee withdrew the motion.

The Debtor filed its second plan of reorganization on February 17, 2022. After objections were filed and a hearing held, the Debtor withdrew that plan.

The Debtor filed its third plan of reorganization on April 21, 2022. The U.S. Trustee and YES informally communicated their objections to that plan and the parties have been unable to resolve the same. The Debtor has now withdrawn the Sale Motion and attempted to file a motion to withdraw the April 21, 2022 Plan.

On June 1, 2022, the U.S. Trustee filed a motion to dismiss the case due to the Debtor's inability to confirm a plan of reorganization. That motion remains pending. YES opposes that motion and wishes to have this Plan confirmed instead.

### d. Litigation

No litigation by the Debtor occurred during the pendency of the case. YES initiated the above referenced Adversary Proceeding, Case No. 21-47210, against Tri-County to challenge the amount of its lien claim.

## V. Liquidation Analysis

### a. Proceeds of Assets in Liquidation Using Appraised Value of $2,720,000

Gross Proceeds Available from Liquidation of Assets /FMV............. $2,720,000

Tax claims of City of Saline / Washtenaw County ............................... $129,901

Construction Lien Claims…………………………………………………………………….. $579,090

Secured Claim of YES…………………………………………………………………… <u>$2,091,009</u>

| | |
|---|---|
| Amount Available for Administrative Claims | $0 |
| Amount Available for Unsecured Claims | $0 |

### b. Risks, Conditions and Assumptions Regarding the Stated Values.

The property and building at 1250 E. Michigan Ave. was appraised October 1, 2020 by Integra Realty Resources. A copy of the appraisal is attached to each of Debtor's three Plans of Reorganization previously filed. The market value "as is" was appraised as $2,720,000. The Property has not had improvements since October 1, 2020. The Code Enforcement Officer from the City of Saline has recently issued a notice of code violation to the Debtor due to various broken windows and other

17

deficiencies which require prompt attention. The exterior Tyvek building wrap is peeling off in several places, there are broken windows and there are open points exposing the interior of the building to the elements. Water penetration has been recently observed.

## VI.  **Legal Requirements**

### a.  **Voting procedures**

Under the Bankruptcy Code, the only classes that are entitled to vote to accept or reject a plan are classes of claims, or equity interests, that are impaired under the plan. Accordingly, classes of claims or interests that are not impaired are not entitled to vote on the plan. Creditors that hold claims in more than one impaired class are entitled to vote separately in each class. Such a creditor will receive a separate ballot for all of its claims in each class (in accordance with the records of the Clerk of the Court) and should complete and sign each ballot separately. A creditor who asserts a claim in more than one class and who has not been provided with sufficient ballots may photocopy the ballot received and file multiple ballots. Votes on the plan will be counted only with respect to claims: (a) that are listed on the Debtor's Schedules of Assets and Liabilities other than as disputed, contingent or unliquidated; or (b) for which a proof of claim was filed on or before the bar date set by the Court for the filing of proofs of claim (except for certain claims expressly excluded from that bar date or which are allowed by Court order). However, any vote by a holder of a claim

18

will not be counted if such claim has been disallowed or is the subject of an unresolved objection, absent an order of the Court allowing such claim for voting purposes pursuant to 11 U.S.C. § 502 and Bankruptcy Rule 3018. Voting on the plan by each holder of a claim or interest in an impaired class is important. After carefully reviewing the plan and disclosure statement, each holder of such a claim or interest should vote on the provided ballot either to accept or to reject the plan, and then return the ballot by mail to YES' attorney whose contact information is below by the deadline  established by the Court.  Any ballot that does not appropriately indicate acceptance or rejection of the plan will not be counted.

A ballot that is not received by the deadline will not be counted. If a ballot is damaged, lost, or missing, a replacement ballot may be obtained by sending a written request to YES's attorney whose contact information is below.

b.    **Acceptance**

The Bankruptcy Code defines acceptance of a plan by an impaired class of claims as acceptance by the holders of at least two-thirds in dollar amount, and more than one-half in number, of the claims of that class which actually cast ballots. The Bankruptcy Code defines acceptance of a plan by an impaired class of equity interests as acceptance by holders of at least two-thirds in number of the equity

interests of that class that actually cast ballots. If no creditor or interest holder in an impaired class votes, then that class has not accepted the plan.

      c.     **Confirmation**

11 U.S.C. § 1129(a) establishes conditions for the confirmation of a plan. These conditions are too numerous and detailed to be fully explained here. Parties are encouraged to seek independent legal counsel to answer any questions concerning the Chapter 11 process. Among the several conditions for confirmation of a plan under 11 U.S.C. § 1129(a) are these:

      i.     Each class of impaired creditors and interests must accept the plan, as described in Section 8(b)., above.

      ii.     Either each holder of a claim or interest in a class must accept the plan, or the plan must provide at least as much value as would be received upon liquidation under Chapter 7 of the Bankruptcy Code.

      d.     **Modification**

YES may withdraw the Plan or file and submit modifications of the Plan to the court at any time prior to confirmation in the manner provided in 11 U.S.C. § 1127.

      e.     **Effect of Confirmation.**

If the Plan is confirmed by the Court:

i.     Its terms are binding on the debtor, all creditors, shareholders and other parties in interest, regardless of whether they have accepted the plan.

ii.     Except as provided in the plan and in 11 U.S.C. § 1141(d):

     (1) In the case of a corporation that is reorganizing and continuing business, as in this case:

        (a)     All claims and interests will be discharged.

        (b)     Creditors and shareholders will be prohibited from asserting their claims against or interests in the debtor or its assets.

**VII.**     **Miscellaneous Provisions**

a.     **Documents**.

Upon entry of a Final Order confirming this Plan, the Debtor, through Ms Rentschler and/or through its attorney, shall be authorized and directed to execute any and all deeds, assignments conveyances and other documents reasonably necessary to effectuate the Plan's terms.

b.     **Management**.

The Debtor's receipt and distributions of the funds for Class 1 Claims and for execution of Documents shall be managed and executed by the Debtor's present management.

c. **Property of the Estate**.
All property of the Estate shall be deemed the property of YES or its assignee upon consummation of the Plan as provided herein.

d. **Post-Confirmation Conversion/Dismissal**.
A creditor or party in interest may bring a motion to convert or dismiss the case under §1112(b), after the Plan is confirmed, if there is a default in performing under the Plan. If the Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7 estate, and the automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the Court during this case.

e. **Post-Confirmation Quarterly Fees**.
Quarterly fees pursuant to 28 U.S.C. Sec. 1930 (a)(6) continue to be payable to the office of the United States Trustee post-confirmation until such time as the case is converted, dismissed, or closed pursuant

to a final decree. The Debtor shall continue to file reports as required by the Operating Guidelines and Reporting Requirements of the Office of the United States Trustee, and the Debtor shall pay quarterly fees in accordance with 28 U.S.C.§1930(a)(6) until the case is dismissed, converted or closed by the Court.

f.    **Successors and Assigns**.
The rights and obligations of any entity referred to in this Plan shall apply to and be binding upon that entity's successors and assigns.

                                    **PLAN PROPONENT**

June 7, 2022                        YOUR ENTERPRISE SOLUTIONS, LLC
                                    A Michigan Limited Liability Company

                                    By: */s/ Elizabeth Haeussler*
                                            Elizabeth Haeussler
                                    Its: Manager

June 7, 2022                        FINKEL WHITEFIELD FELDMAN

                                    */s/ Geoffrey L. Silverman*
                                    Geoffrey L. Silverman (P34011)
                                    Melinda B. Oviatt (P56101)
                                    Attorneys for Your Enterprise
                                    Solutions, LLC
                                    32300 Northwestern Highway, Suite
                                    200 Farmington Hills, Michigan
                                    248-855-6500
                                    gsilverman@fwf-law.com
                                    moviatt@fwf-law.com