UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
DETROIT

Ch. 11
Case No. 21-47210
Hon. Maria L. Oxholm

In re:

Saline Lodging Group, LLC,
      Debtor.
_____/

### DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S MOTION TO DISMISS CHAPTER 11 CASE

1. This case was originally filed on September 7, 2021 as a subchapter V chapter 11 case.

Response: Admitted the case was filed on September 7, 2021 as a Subchapter V case.

2. Eventually, after the principal secured creditor filed an objection to the Debtor's status as a subchapter V debtor, the Court ordered that the Debtor would not be treated as a subchapter V debtor (Docket 57.)

Response: Admitted that the case was ordered to proceed as non Subchapter V case.

3. Although the Debtor never corrected the petition in this case, the Debtor withdrew the plan it filed as a subchapter V debtor (Docket 63), but only after the United States Trustee filed a Motion to Convert (Docket 58.)

Response: Denied. The Debtor filed a motion to withdraw the Subchapter V case for reason that the case was converted to a Chapter 11 case.

4. The United States Trustee withdrew the Motion to Convert at the hearing held by the Court on January 20, 2022. At that time, the Court set a deadline of

February 17, 2022 for the Debtor to file an Amended Plan.

Response: Admitted.

5. The Debtor filed an Amended Plan and Disclosure Statement on February 17, 2022.

Response: Admitted.

6. The Court set confirmation for March 31, 2022. Confirmation was adjourned to April 7, 2022.

Response: Admitted.

7. On April 6, 2022, the Debtor filed a Report on Confirmation (the "Report") (Docket 137) stating that the Debtor would not be going forward the next day at the confirmation hearing. The Report also stated the Debtor would seek to file a liquidating plan and a motion for sale under 11 U.S.C. § 363 no later than April 21, 2022.

Response: Admitted.

8. On April 21, 2022 a third amended Combined Plan and Disclosure Statement was filed (the "Liquidating Plan") (Docket 151), as well as a Motion for Order Approving Asset Sale Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 (the "Sale Motion") (Docket 150.)

Response: Admitted.

9. The Sale Motion included bid procedures and a stalking horse bid.

Response: Admitted.

10. The deadline to file objections to the Sale Motion was extended to June 2, 2022 by agreement of the parties and the Court's Order (Docket 160 and 161.)

Response: Admitted.

11. On May 18, 2022, parties were informed that the stalking horse bidder had "backed out" of the auction process.

Response: Admitted.

12. No replacement stalking horse has been identified as of the time of this Motion.

Response: Admitted.

13. The Debtor's property consists of a partially finished hotel in Saline, Michigan (the "Property") and some electrical and lighting equipment that was delivered to the Debtor's property in late April.

Response: Admitted.

14. According to the schedules and proofs of claim filed in the case, the taxes and secured debt exceed the apparent value of the property by at least $1 million, if not more.

Response: Admitted.

15. There is no likelihood that unsecured creditors will receive a distribution in this case.

Response: Denied. The Debtor's first plan of reorganization contemplated a

distribution to unsecured creditors. Admitted that in the posture of the plan submitted by Y.E.S. LLC, unsecured creditors will not receive a distribution.

16. The case has now been pending almost ten months.

Response: Admitted.

17. Sections 1112(b)(1) and (b)(4)(A) and (b)(4)(B) of the Bankruptcy Code state in pertinent part: (b)(1) Except as provided in paragraph (2) and subsection ©, on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate…(4) For purposes of this subsection, the term "cause" includes—(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; (B) gross mismanagement of the estate[;]…

Response: Admitted as to the partial recitation of Section 1112 of the Bankruptcy Code. Denied as to the applicability.

18. No work has been done on the Property to further completion for over two years, and nothing has been done to the Property during the pendency of this case.

Response: Denied. The allegation is not true. The Debtor has insured the Property, maintained the grounds and security of the Property, warehoused property of project, and have heated and otherwise maintained the Property against damage from the elements. It cannot be fairly said that the Debtor has done nothing.

19. The Property is deteriorating, causing continuing loss and diminution to the estate.

Response: Denied for the reason the allegation is simply not true. The Property is not materially deteriorating. In fact, due to economic factors related to a positive hotel industry and real property in general, the Property is likely worth at least some amount greater than the value of the Property as of the Petition Date.

20. Real property taxes continue to accrue on the Property.

Response: Denied for the reason the allegation is not true. Debtor's principals have paid real property taxes as they have become due during the pendency of this case.

21. The City of Saline recently issued a Violation Letter to the Debtor concerning the condition of the Property and items that must be addressed in the next month. The Violation Letter is attached to this Motion as Exhibit 1.

Response: Admitted, but the so-called violations were nominal in nature and were remedied with less than 10-20 minutes of unskilled work.

22. The Debtor has no operations, no income, and no apparent ability to maintain the Property.

Response: Admitted that the Debtor currently has no income or operations. Denied that the operations were not contemplated by a successful reorganization, which would have likely occurred but for a third party / proposed partner's abandonment of the venture. Denied that the Debtor lacked ability or failed to maintain the Property. The U.S. Trustee's allegations in this regard are unfounded.

23. In addition, the Debtor has declared its intention to liquidate and will cease operations following any liquidation of the Property. Therefore, there is an absence of reasonable likelihood of rehabilitation.

Response: Admitted.

24. The Property is not worth the value of the liens against it and there is no likelihood that unsecured creditors will receive anything in this case.

Response: Admitted.

25. The Debtor has no means to pay accrued administrative expenses. The case is administratively insolvent. The Debtor is not operating and has no income.

Response: Denied. Debtor has negotiated a resolution which allows Y.E.S., LLC to file a plan, which pays administrative expenses. Y.E.S., LLC has in fact filed said plan.

26. The Debtor has grossly mismanaged the estate. Since the case has been in bankruptcy, the Debtor has tried to steer the sale of the Property toward potential purchasers who are willing to enter an arrangement such as a

partnership or joint venture with some of the Debtor's members. These efforts are self dealing and constitute gross mismanagement.

Response: Denied. Debtor entered bankruptcy with the intention of a plan of reorganization with a third party that would fund plan payments and finish the hotel and start operations. This arrangement failed, partially because of unreasonable demands and commentary by certain parties of the funding party's "bona fides." Debtor withdrew its plan accordingly with the loss of the funding party. Debtor subsequently filed a plan for an arm's length sale to a third party, in which the Debtor <u>fully disclosed</u> that some of the Debtor's equity class would contribute new value, and not rely in any way, shape or form upon equity or any property rights or opportunities of the Debtor. Said third party inexplicably abandoned the purchase. No action by th Debtor or the equity class can fairly be said to be self dealing or gross management. Things simply failed to go accordingly to plan.

27. The Debtor's Sale Motion (Docket 150) included provisions for an auction with a stalking horse. The stalking horse withdrew from that process recently.

Response: Admitted.

28. The Debtor has not offered a replacement stalking horse.

Response: Admitted. None was available.

29. The Debtor has not exposed the Property to the market.

Response: Denied. On request the U.S. Trustee, and working with the U.S. Trustee,

-7-
21-47210-mlo    Doc 196    Filed 07/06/22    Entered 07/06/22 23:31:13    Page 7 of 8

the Debtor proposed a reasonable plan to bring the Property to the appropriate market.

30. There are other reasons that the Debtor's Sale Motion cannot be approved.

Response: Admitted.

31. The Debtor has wasted over nine months in this bankruptcy trying to salvage some interest for its members instead of advertising the property and taking necessary steps to maximize the value of the Property.

Response: Denied. See response to No. 26.

32. This delay has been prejudicial to creditors.

Response: Denied. See response to No. 26.

33. For these reasons, cause exists under 11 U.S.C. § 1112(b)(4)(A) and (B) to dismiss this case.

Response: Denied for the reasons set forth in the responses herein.

| | |
|---|---|
| July 6, 2022 | /s/ Don Darnell<br>Don Darnell (P55268)<br>8080 Grand St., Ste. 1-A<br>Dexter, Michigan 48130<br>734-424-5200<br>dondarnell@darnell-law.com |