UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
DETROIT

In re:

Saline Lodging Group, LLC,   Case No. 21-47210
                             Ch. 11
                             Hon. Maria L. Oxholm

               Debtor.
_____/

# ORDER CONFIRMING THE LIQUIDATING COMBINED PLAN AND APPROVING THE DISCLOSURE STATEMENT OF CREDITOR YOUR ENTERPRISE SOLUTIONS, LLC

Your Enterprise Solutions, LLC ("YES"), filed it Liquidating Combined Plan and Disclosure Statement (the "Plan and Disclosure Statement") on June 7, 2022 (Dkt. #183). By an order dated June 16, 2022, this Court preliminarily approved the Disclosure Statement contained therein (Dkt. #188). A copy of the Plan and Disclosure Statement, and a ballot for accepting or rejecting the Plan was served in accordance with this Court's Order upon all Creditors and holders of Interests whose Claims or Interests are impaired under the Plan and who are entitled to vote, with a notice (the "Notice") advising such creditors of the voting deadline and the date scheduled for the Confirmation Hearing. No objections to the Plan and Disclosure Statement were filed. On July 19, 2022, YES filed its Modification of the Plan and Disclosure Statement (Dkt. #203) (The "Modification"). The Plan and Disclosure Statement, as modified by the Modification, is hereinafter referred

to as the "Plan". The Confirmation Hearing was held on July 21, 2022, at 11:00 a.m. (the "Hearing").

A copy of the Plan and Disclosure Statement is attached as Exhibit "A." A copy of the Modification is attached as Exhibit "B". Capitalized terms used but not defined in this Order have the meanings set forth in the Plan.

Based upon the entire record of this case and upon the transcript and the evidence offered at the Confirmation Hearing and all proceedings held before the Court; and after due deliberation and sufficient cause appearing therefor,

THE COURT HEREBY FINDS AS FOLLOWS:

A. This Court has jurisdiction over the Debtors and this matter pursuant to 28 U.S.C. § 1334 and venue is proper pursuant to 28 U.S.C. § 1408. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

B. All Persons, entities and governmental authorities required to receive notice of the Confirmation Hearing have received due, proper and adequate notice thereof.

C. The Plan complies with all applicable provisions of Title 11 of the United States Code (the "Bankruptcy Code").

D. YES, as the proponent of the Plan, has complied with all applicable provisions of the Bankruptcy Code.

E. The Debtor and the Office of the United States Trustee have indicated their support for the entry of this Order.

F.  No objections to confirmation of the Plan were filed.

G.  The Plan specifies the Classes of Claims and the Class of Interests impaired under the Plan and the treatment of each impaired Class. Classes 1, 4, 5, 6 and 7 are impaired under the Plan.

H.  The Plan provides the same treatment for each Claim or Interest within each particular Class.

I.  The classification of Claims under the Plan complies with Section 1122 of the Bankruptcy Code.

J.  The Plan provides adequate means for the execution and implementation of the Plan.

K.  The Plan complies with Section 1123(a)(6) of the Bankruptcy Code as the Plan is a liquidating Plan.

L.  The treatment under the Plan of Claims of the type specified in Section 507(a)(1) of the Bankruptcy Code complies with the provisions of Section 1129(a)(9) of the Bankruptcy Code, or the Holders of such Claims have agreed to accept a different treatment.

M.  The Plan has been proposed in good faith and not by any means forbidden by law. The solicitation of acceptances and rejections of the Plan was in good faith and in compliance with Section 1126(b) of the Bankruptcy Code.

N.  YES's objectives in proposing the Plan were to provide for the prompt and orderly liquidation and distribution of the Debtors' estate and to maximize

payments to and recoveries by creditors.

O. The primary purpose of the Plan was not the avoidance of taxes or the avoidance of the Securities Act of 1933.

P. All payments made or promised by the Debtors for professional services or for costs and expenses associated therewith in connection with the Plan and incident to this Bankruptcy Case and known to YES have been or will be disclosed to this Court and have been approved by or are subject to the approval of the Court as reasonable.

Q. Unless otherwise approved by the Court, Beth Ann Rentschler shall continue to serve as the authorized representative of the Debtor for consummation of the terms of the Plan and the final administration and closing of this Bankruptcy Case.

R. The Plan does not provide for any rate change which is subject to the approval of a governmental regulatory commission.

S. The procedures by which the Ballots were distributed and tabulated were fair and properly conducted.

T. The Report of Balloting filed with the Court on July 18, 2022, is hereby approved and found to reflect the result of the balloting accurately.

U. No ballots were received from creditors in Class 1. This Class is deemed to have not accepted the Plan

V. The Claims in Class 2 are not impaired. This class is deemed to have accepted the Plan pursuant to 11 U.S.C. § 1126(f).

W.  The Plan has been accepted and approved by more than ½ in number and 2/3rds in dollar amount of Claims in Class 3 submitting ballots. This Class has accepted the Plan.

X.  The Plan has been accepted by the sole member of Class 4 and the Class has accepted the Plan.

Y.  The holder of the sole claim in Class 5 has voted to accept the Plan. However, as the Plan does not provide for the Class to receive or retain any property on account of such claim, the class is deemed to not have accepted the Plan pursuant to 11 U.S.C. § 1126(g).

Z.  The holders of more than 2/3rds in dollar amount and ½ in number of Class 6 claims that submitted ballots voted to accept the Plan. However, as the Plan does not provide for the Class to receive or retain any property on account of such claim, Class 6 is deemed to not have accepted the Plan pursuant to 11 U.S.C. § 1126(g).

AA.  The holders of more than 2/3rds in dollar amount and ½ in number of Class 7 Interests that submitted ballots voted to accept the Plan. However, as the Plan does not provide for the Class to receive or retain any property on account of such claim, the Class 7 is deemed to not have accepted the Plan pursuant to 11 U.S.C. §1126(g). The Amended Plan is confirmable as to such Class pursuant to Section 1129(b)(2)(C) of the Bankruptcy Code.

BB. YES has orally proposed to modify the Plan treatment of Class 3 creditor

Tri-County Electric Company of Washtenaw County ("Tri-County") to provide that the dispute of that claim has been resolved such that YES has purchased such claim, that such purchased claim need not be paid at Closing, and that no funds are required to be escrowed therefore. Tri-County has consented to such modification. No other parties are adversely impacted by such modification.

CC. With respect to each Class of Claims and Interests, each holder of a Claim or Interest in such Class has accepted the Plan, or each holder will receive or retain under the Plan on account of such Claim or Interest property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor liquidated under Chapter 7 of the Bankruptcy Code on the same date.

DD. The Plan is feasible. Because the Plan provides for the liquidation of the assets and the distribution the proceeds in the order of the priorities under the Bankruptcy Code, YES demonstrated that there is a reasonable prospect that it can consummate the transactions and conveyances contemplated by the Plan.

EE. Section III, Class 1 of the Plan provides for the payment of fees payable under 28 U.S.C. § 1930.

FF. With respect to all Classes of Claims and Interests, the Plan is fair and equitable, and the Plan does not discriminate unfairly with respect to any Class of Claims or Interests.

GG. YES has filed its Modification of Liquidating Plan to provide that the Class

3 claim held by Tri-County has been assigned to YES and that such Claim need not be paid on the Effective Date. Any modifications to the Plan do not cause the Plan to fail to meet the requirements of Sections 1122 and 1123 of the Bankruptcy Code, comply with the provisions of Section 1127(a) of the Bankruptcy Code, and do not adversely affect the treatment afforded under the Plan to the holders of Claims entitled to vote on the Plan. This modification has been accepted by Tri-County. No further notice or solicitation thereon is required.

HH. There is no just reason for delay of entry of this Order as a final Order

WHEREFORE, IT IS HEREBY ORDERED:

1. The above findings are incorporated herein by reference as if fully set forth herein. To the extent they are findings of fact, they are adopted as such. To the extent they are conclusions of law, they are adopted as such.

2. The Disclosure Statement is approved, with the addition to specifically provide that the Adversary Proceeding filed by YES against Tri-County is to be dismissed with prejudice and the objection filed by YES to the proof of claim filed by Tri-County shall be withdrawn with prejudice.

3. The Plan is approved and confirmed pursuant to Sections 1129(a) and 1129(b) of the Bankruptcy Code, and the terms of the Plan are incorporated herein.

4. The Plan and its provisions shall be binding upon the Debtor, all Persons acquiring property under the Plan, all holders of a Claim or Interest against the Debtor, all federal, state and local taxing authorities, and all other Persons

regardless of whether the Claim or Interest of each such holder or the right or obligation of such Person is impaired under the Plan and whether or not such holders and Persons have accepted the Plan.

5. The Debtor and its directors, officers and agents, including but not limited to Beth Ann Rentschler, and attorneys are hereby authorized and directed to execute, deliver, implement and perform each of the requirements of the Debtor under the Plan and to take such other steps and perform such other acts as may be necessary to implement and effectuate the Plan, and they are further hereby authorized and directed to execute and deliver all instruments and perform all other acts that are necessary for the consummation of the Plan.

6. Effective upon YES's payment of (a) $25,000 to the Debtor to be applied to payment of the claims in Class 1, (b) obligations due to the holders of tax claims in Class 2, and (c) the claim of Chelsea Lumber in Class 3, the conveyance of the Property to YES will be a legal, valid and effective transfer of the Property to YES and will be and is free and clear of any and all liens, claims and/or any other interests of any party or parties, and will vest YES with all right, title and interest of the Debtor to the Property free and clear of all such liens, claims and interests, including, but not limited to the following:

    A. The mortgage lien of YES held pursuant to assignment from First State Bank as reflected by a mortgage dated February 28, 2019, recorded on March 8, 2019, in Liber 5294, Page 938, Washtenaw County Records;

B.  That certain Assignment of Leases and Rents in favor of First State Bank dated February 28, 2019, recorded March 8, 2019 in Liber 5294, Page 939, Washtenaw County Records;

C.  That certain Financing Statement in favor of First State Bank dated March 8, 2019, recorded in Liber 5294, Page 940, Washtenaw County Records;

D.  That certain Notice of Professional Services Contract file by J. Bradley Moore & Associates Architects Inc. recorded August 14, 2019, in Liber 5315, Page 301, Washtenaw County Records;

D.  That certain lis pendens recorded by Acoustic Ceiling & Partition in Liber 5358, Page 246, Washtenaw County Records;

E.  That certain Claim of Lien filed by Chelsea Lumber Company recorded March 4, 2020 in Liber 5344, Page 502, Washtenaw County Records;

F.  That certain Claim of Lien filed by Quality Roofing Inc., recorded March 6, 2020 in Liber 5344, Page 972, Washtenaw County Records;

G.  That certain Claim of AAA Toilets Inc., recorded April 7, 2020 in Liber 5348 Page 415, Washtenaw County Records;

H.  That certain notice of lis pendens recorded by Tri-County Electric Company of Washtenaw County in Liber 5410, Page 630, Washtenaw County Records;

I.  That certain notice of lis pendens recorded by Chelsea Lumber

Company in Liber 5375, Page 481, Washtenaw County Records;

J.  That certain claim of lien filed by Hoffman Plastering LLC recorded May 12, 2020, in Liber 5354, Page 354, Washtenaw County Records;

K.  That certain Mortgage in favor of William J. Long, Jr. recorded July 10, 2020, in Liber 5363, Page 662; and

K.  That certain Mortgage in favor of William J. Long, Jr. recorded July 10, 2020, in Liber 5363, Page 663.

(Collectively, the "Recorded Lien Documents").

7. Effective upon YES's payment of (a) $25,000 to the Debtor to be applied to payment of the claims in Class 1, (b) the obligations due to the holders of tax claims in Class 2, and (c) the claim of Chelsea Lumber in Class 3, and the conveyance by the Debtor of the Property to YES, each of the Recorded Lien Documents, and the liens and claims evidenced thereby, will be deemed to be discharged and of no further force and effect.

8. YES shall have the right, to the fullest extent permitted under Section 1142 of the Bankruptcy Code, to apply to the Court for an order directing all Persons, entities and governmental authorities to execute and deliver instruments and perform all other acts required under or pursuant to the Plan.

9. All certificates and instruments required or permitted by law to be filed or recorded with an official of any state to accomplish any corporate purpose under the Plan may shall be signed on behalf of the Debtor by Beth Ann Rentschler

without any further action by the board of directors or shareholders of the Debtor.

10. In the event of an inconsistency between the terms of the Plan and this Order, the terms of this Order shall control.

11. The consummation of the Plan and the payments required thereunder full dispose of all claims of creditors against the Debtor and the Property and fully resolve all matters with respect thereto alleged in that matter known as *Acoustic Ceiling & Partition Company, Inc v Peters Building Co. et al,* Washtenaw County Circuit Court, Case # 20-000493, and there may be no further proceedings in such case with respect to the Property and the lien claims asserted against it.

12. Except as otherwise expressly provided in the Plan or this Order, from and after the Effective Date, all state and local governmental agencies, entities or authorities are hereby jointly and severally restrained and enjoined from commencing or continuing any action to collect from the Debtor, YES or their property any stamp or similar tax within the meaning of Section 1146(c) of the Bankruptcy Code with respect to the transactions contemplated by or described in this Order or the Plan.

13. YES and its attorneys, officers, agents, employees and members have acted in good faith and in compliance with applicable laws, including Sections 1125 and 1145 of the Bankruptcy Code.

14. The filing of the Plan, any statement or provision contained in the Plan, and the taking by the Debtor, YES or any party in interest of any action with respect to

the Plan may not (a) be or be deemed to be an admission against interest, and (b) until the Effective Date, be or be deemed to be a waiver of any rights any party in interest might have against the Debtors or any Claim holder or Interest holder, and until the Effective Date all of such rights are specifically reserved. In the event that the Effective Date does not occur, (i) the Plan, the Disclosure Statement or any statement contained therein, or this Order may not be used or relied upon in any manner in any suit, action, proceeding or controversy within or outside of the Chapter 11 cases involving the Debtor or YES, and (ii) the provisions of the Plan and this Order shall be null and void.

15. The failure to reference or discuss any particular provision of Plan in this Order shall have no effect on the validity, binding effect and enforceability of such provision and such provision shall have the same validity, binding effect and enforceability as every other provision of the Plan.

16. If any provision of this Order, or the application of any provision of this Order to any Person or circumstance, is held invalid or contrary to the provisions of the Bankruptcy Code, the remainder of this Order, or the application of the provisions of this Order other than those as to which it is held invalid, shall not be affected thereby.

17. The transfer of the Property pursuant to the Plan is hereby approved and the Debtor and YES may close on the transaction.

18. The Debtor shall hold the $25,000 tendered by YES for payment of fees due

pursuant to 28 U.S.C. § 1930 and to creditors holding Class 1 claims, to be disbursed pursuant to order(s) of the Court allowing such claims and directing distribution. If and to the extent that the fees and allowed amounts are less than $25,000 in the aggregate, the excess amount shall be refunded to YES.

19. Any party seeking compensation under 11 U.S.C. § 330 shall file an application for such compensation within thirty (30) days of the date of this Order.

20. The Debtor shall be required to file post confirmation reports and pay quarterly fees under 28 U.S.C. § 1930 until such time as the case is dismissed, converted or closed.

21. During the period from the date of this Order through the Closing Date, YES and the Debtor shall use their commercially reasonable best efforts to take, or cause to be taken, all action and to do, or cause to be done, all things necessary, proper or advisable to satisfy the conditions to the other's obligation to consummate and make effective the transactions contemplated by the Plan.

22. Each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Plan and this Order, notwithstanding, for example, the transfer to the proceeds of sale of liens for personal or real property taxes and the non-payment of such taxes at the time of recordation of deeds or other instruments.

23. The transfer of the Property pursuant to the Plan is a transfer pursuant to 11 U.S.C. § 1146(c), and accordingly shall not be taxed under any law imposing a stamp tax or a sale, transfer or any other similar tax.

24. If any person or entity that has filed financing statements, mortgages, mechanic's liens, lis pendens, or other documents or agreements evidencing claims against and/or interests in the Property shall not have delivered to the Debtor prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all claims and interests which the person or entity has with respect to the Debtor or the Property or otherwise, then (a) the Debtor is hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Property and (b) YES is hereby authorized to file, register or otherwise record a certified copy of this Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all claims against and interests in the Property of any kind or nature whatsoever. Creditors asserting statutory or mortgage liens on the Property shall execute the proper discharges of liens or mortgages and deliver them to Debtor's counsel at least two (2) business days prior to Closing. The same shall be held in trust and delivered to or at the direction of YES at Closing.

25. All entities who are presently, or on the Closing Date may be, in possession

of some or all of the Property are hereby directed to surrender possession of the Property on the Closing Date.

26. Except as expressly permitted or otherwise specifically provided for in the Plan or this Order, YES, its successors and assigns, shall have no liability or responsibility for any liability or other obligation of the Debtor arising under or related to the Property. Without limiting the foregoing, and except as expressly permitted or otherwise specifically provided in the Plan or this Order, neither YES, its successors and assigns, nor the Property shall not be liable for any claims against the Debtor or any of their predecessors or affiliates, and YES, its successors and assigns shall have no successor or vicarious liabilities of any kind or character whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtor or any obligations of the Debtor arising prior to the Closing Date, including but not limited to, liabilities on account of any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of the Debtor's business prior to the Closing Date.

27. This Court retains jurisdiction to enforce and implement the terms and provisions of the Plan, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to (a) compel delivery

of the Property to YES, (b) resolve any disputes arising under or related to the Plan, (c) interpret, implement, and enforce the provisions of this Order, and (d) protect YES, its successors and assigns, against any claims against or interests in the Debtor or the Property, of any kind or nature whatsoever.

28. The terms and provisions of the Plan and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, its estate, and its creditors, YES, and its respective affiliates, members, shareholders, joint venturers, successors and assigns, and any affected third parties including, but not limited to, all persons asserting claims against and/or interests in the Property, notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Code, as to which trustee(s) such terms and provisions likewise shall be binding.

29. The failure specifically to include any particular provisions of the Plan in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be authorized and approved in its entirety.

30. The terms and provisions of the Plan and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's

estate or reduce the amount of funds to be distributed to creditors, unless such affected creditor(s) affirmatively consent(s) thereto.

31. The Court directs entry of this Order as a final order. As provided by Fed.R.Bankr.P. 6004(g) and Fed.R.Bankr.P. 6006(d), this Order shall not be stayed for 10 days after the entry of the Sale Order and shall be effective and enforceable immediately upon entry.

32. Within ten (10) business days of the entry of this Order, YES shall serve a notice of confirmation of the Plan upon all holders of Claims and Interests.

**Signed on July 22, 2022**



/s/ Maria L. Oxholm
**Maria L. Oxholm
United States Bankruptcy Judge**